Order and judgment (one paper), Supreme Court, New York County (Helen E. Freedman, J.), entered May 23, 2008, denying a petition to confirm an arbitration award, granting a cross petition to partially vacate the award, and remanding the matter to the same arbitrator for a new determination of the amount of respondent’s damages, unanimously modified, on the law, to grant the petition to confirm and deny the cross petition to vacate, and otherwise affirmed, without costs.
Assuming respondent did not waive his objection based on the *168 sole arbitrator’s partiality, the arbitrator made sufficient disclosure of the facts that might suggest possible bias, and respondent fails to show bias by clear and convincing evidence (see Zrake v New York City Dept. of Educ., 41 AD3d 118 [2007], Iv denied 9 NY3d 1001 [2007]). The past relationship between petitioner’s general counsel and one of the arbitrator’s law partners, who was located in another city, consisting of a solitary engagement and a relatively minor fee two years earlier for the arbitrator’s 600-attorney law firm, was too insignificant, short-lived and remote to warrant the arbitrator’s disqualification and vacatur of the award for lack of impartiality (cf. Tricots Liesse [1983] v Intrex Indus., 284 AD2d 226 [2001], lv denied 97 NY2d 606 [2001]). It would be pure speculation to conclude that the general counsel’s communication to the arbitrator’s partner of a new offer of engagement created any bias, where the new offer was promptly rejected by the partner after a conflict check and reported by him to the arbitrator, who promptly disclosed the offer to the panel administrator and the parties and who himself never met, communicated with or did any business with the general counsel.
In denying dismissal of petitioner’s breach of contract counterclaim, the arbitrator rationally interpreted the parties’ consulting agreement (see Matter of National Cash Register Co. [Wilson], 8 NY2d 377, 383 [I960]), which, in paragraph 3 (g), authorizes a dollar for dollar reduction of respondent’s compensation for improper receipt of disability payments while working for petitioner. Inasmuch as the arbitrator rejected respondent’s interpretation of the agreement regarding wrongful acceptance of disability payments and every one of his defenses to the counterclaim, and similarly rejected his claim for increased severance based on the number of his months of service as an officer or director, respondent was not the prevailing party under the arbitration clause, and it was a provident exercise of discretion to deny him attorneys’ fees.
However, contrary to the court’s conclusion, the arbitrator did not exceed a specific limitation on his power by determining respondent’s severance claim damages at an evidentiary hearing, so there was no basis for vacating the award and remanding for a new determination of the amount of respondent’s damages on such claim. The court should have deferred to the arbitrator’s rational interpretation of the parties’ stipulation (see Matter of Silverman [Benmor Coats], 61 NY2d 299, 308 [1984]). Plainly, the stipulation, which was based on an agreement reached by the parties before the arbitrator at a preliminary hearing, meant that respondent’s claim for payment under *169 the consulting agreement would be determined by the language of the consulting agreement without resort to extrinsic evidence or an evidentiary hearing, but it did not intend to bar evidence or a hearing with respect to respondent’s proof of damages. This understanding is clear from the hearing’s opening colloquy with the arbitrator, so respondent’s counsel could not have been surprised by the need to submit proof of damages. Concur— Gonzalez, J.E, Buckley, Catterson, McGuire and Acosta, JJ. [See 19 Misc 3d 1137(A), 2008 NY Slip Op 51053(U).]